United States District Court
Southern District of Texas
**ENTERED**
July 14, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CELIA RAQUEL ZUNIGA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-2043 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Celia Raquel Zuniga is a federal prisoner incarcerated in the United States Bureau of Prisons ("BOP") at the Federal Prison Camp in Bryan, Texas. Zuniga has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") (Docket Entry No. 1), challenging the administration of her sentence. Upon review of the pleadings and the applicable law, the court concludes that this case must be dismissed for the reasons explained below.

### I. Background

Zuniga was sentenced to 78 months' imprisonment pursuant to a conviction in the United States District Court for the Southern District of Texas. Petition at 1. With credit for good conduct, Zuniga's projected release date is May 12, 2019. *Id.*

Zuniga does not challenge the validity of her underlying conviction. Instead, she has filed a boilerplate pleading which asserts that she is entitled to placement in a Residential Reentry Center ("RRC") for the final months of her sentence pursuant to the Second Chance Act of 2007, Pub. L. No. 110-199 (April 9, 2008). The court concludes, however, that the Petition must be dismissed for reasons below.

## II. Discussion

### A. Exhaustion of Remedies is Required

It is evident that Zuniga did not attempt to present her claim for relief in the BOP's three-tiered administrative remedy program before filing this suit.  *Id.* at 9-17.  *See* 28 C.F.R. §§ 542.10 – 542.19 (2016).  The Fifth Circuit has determined that a federal prisoner seeking relief under 28 U.S.C. § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons."  *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (citations omitted). Exceptions to the exhaustion requirement are appropriate only where "'the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (quotation omitted).  The petitioner bears the burden of showing the futility of exhaustion. *Id.* Zuniga does not meet that burden.

Zuniga contends that exhaustion would be futile because former BOP Director Harley Lappin "has taken a strong position on the issue [of allowing prisoners more than six months in an RRC] and has thus far been unwilling to reconsider."  Petition at 11.  However, the comments attributed to former Director Lappin were made in 2008, and are remote in time. *Id.* at 14. The boilerplate Petition contains no information showing what position, if any, current BOP administration has taken on the subject of RRC placement.  Although Zuniga cites several cases in support of her argument, none of them involve the Second Chance Act.  Considering that she is not projected for release until May 12, 2019, there is more than ample time for Zuniga to exhaust the administrative remedy process before she becomes eligible for placement in an

RRC.  Under these circumstances, Zuniga has not established that it would be futile for her to try.

B. **The Petition Lacks Merit**

Even if Zuniga had exhausted her administrative remedies before bringing this lawsuit, the petition must be dismissed because it fails to state a valid claim for habeas corpus relief.  The Second Chance Act amended 18 U.S.C. § 3624(c) to increase the possible term of placement in an RRC from six months to a period of no more than 12 months before a prisoner's projected release date.  The amendment also requires the BOP to assess prisoners for placement on an individual basis consistent with five factors set forth in 18 U.S.C. § 3621(b).  Those factors are:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence—

   (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

   (B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission....

18 U.S.C. § 3621(b); *see also* 28 C.F.R. 57.22 (dictating that inmates will be considered for "pre-release community confinement" in a manner consistent with 18 U.S.C. § 3621(b)).

A prisoner's placement in any particular facility is a matter solely within the BOP's discretionary authority.  *See Moore v. U.S. Atty. Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973); *see also Stewart v. Daniels*, Civil No. 1:13-184, 2014 WL 4949884, *1 (E.D. Tex. Sept. 30, 2014) ("The duration of RRC placement is a matter to which the [Bureau of Prisons] retains

discretionary authority.") (citation omitted).  It is also well established that prisoners have no constitutional right to be assigned to a particular institution, facility, or rehabilitative program. *See, e.g., Olim v. Wakinekona*, 103 S. Ct. 1741, 1745 (1983);  *Meachum v. Fano*, 96 S. Ct. 2532, 2538-40 (1976);  *Moody v. Daggett*, 97 S. Ct. 274, 429 U.S. 78, 88 n.9 (1976).  Nothing in the Second Chance Act or § 3621(b) automatically entitles a prisoner to placement in an RRC.  *See Creager v. Chapman*, No. 4:09-713, 2010 WL 1062610, at *3 (N.D. Tex. Mar. 22, 2010) (citing various cases).  Zuniga does not otherwise allege that the BOP has failed or refused to evaluate her for placement in an RRC or that the BOP performed an improper assessment in her case.  As a result, the Petition raises no cognizable claim for review.

### III. Conclusion

For the foregoing reasons, Zuniga's petition is dismissed with prejudice.

### IV. Certificate of Appealability

Zuniga has not requested a certificate of appealability ("COA"), but this Court may determine whether she is entitled to this relief in light of the foregoing rulings.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*.  The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.")  A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request.  *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").  "A plain reading of the AEDPA compels the

conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000). The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . . the district court denies a habeas petition on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court has carefully considered Zuniga's petition. The Court finds that reasonable jurists would not find it debatable that Zuniga' claims are foreclosed by clear, binding precedent. Zuniga thus fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court therefore concludes that Zuniga is not entitled to a certificate of appealability.

## V. Order

For the foregoing reasons, it is ORDERED that the Petition for Writ of Habeas Corpus filed by Celia Raquel Zuniga (Docket Entry No. 1) is DISMISSED.

The Clerk will provide a copy of this Memorandum Opinion and Order to the parties.

SIGNED on this 14th day of July, 2016.

                                          Kenneth M. Hoyt
                                          United States District Judge